UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| RUDY FLORENCIO and OSCAR GUERRA,<br><br>                                    Plaintiffs,<br><br>v.<br><br>FLOR AZTECA DELI & GROCERY INC. and/or any other entities affiliated with or controlled by FLOR AZTECA DELI & GROCERY INC., and SANDRA GONZALEZ AND JUAN TENDIA, individually,<br><br>                                    Defendants. | **AMENDED ANSWER AND<br>AFFIRMATIVE DEFENSES**<br><br>Case No. 1-18-cv-6619 |

Defendants FLOR AZTECA DELI & GROCERY INC., SANDRA GONZALEZ, and JUAN TENDIA (collectively, hereinafter referred to as "Defendants"), by and through their attorneys, Jones Law Firm, P.C., as and for their Amended Answer to the Complaint filed by RUDY FLORENCIO and OSCAR GUERRA (collectively, hereinafter referred to as "Plaintiffs"), hereby respond as follows:

**PRELIMINARY STATEMENT**

1. Admits that Plaintiffs purport to allege claims pursuant to the Fair Labor Standards Act (the "FLSA"); 29 U.S.C. §§ 206, 207; New York Labor Law ("NYLL") Article 19 §§ 633, 652; NYLL Article 6 §§ 190, et seq.; and 12 New York Codes Rules and Regulations ("NYCRR") §§ 146-1.4, but deny that Plaintiffs are entitled to the relief sought.

2. Admit the allegations set forth in paragraph 2 of the Complaint.

3. Deny the allegations set forth in paragraph 3 of the Complaint, and further deny any assumptions underlying said allegations.

4. Deny the allegations set forth in paragraph 4 of the Complaint, and further deny any assumptions underlying said allegations

1

5. Admit the allegations set forth in paragraph 5 of the Complaint.

6. Deny the allegations set forth in paragraph 6 of the Complaint, and further deny any assumptions underlying said allegations.

7. The allegations set forth in paragraph 7 of the Complaint constitute legal conclusions which require neither an admission nor a denial, but if a response is required, Defendants deny them, except admit that Plaintiffs bring this action on their own behalf for the legal relief requested in the Complaint.

## JURISDICTION

8. The allegations set forth in paragraph 8 of the Complaint constitute legal conclusions which require neither an admission nor a denial.

## VENUE

9. The allegations set forth in paragraph 9 of the Complaint constitute legal conclusions which require neither an admission nor a denial.

## THE PARTIES

10. Admit the allegations set forth in paragraph 10 of the Complaint.

11. Admit the allegations set forth in paragraph 11 of the Complaint.

12. Admit the allegations set forth in paragraph 12 of the Complaint.

13. Deny the allegations set forth in paragraph 13 of the Complaint, except admits that Sandra Gonzalez is the owner of Flor Azteca Deli & Grocery.

14. Deny the allegations set forth in paragraph 14 of the Complaint.

## FACTS

15. Admit the allegations set forth in paragraph 15 of the Complaint, except as to the exact dates of Plaintiff Florencio's time working at Flor Azteca Deli & Grocery.

16. Deny the allegations set forth in paragraph 16 of the Complaint.

17. Deny the allegations set forth in paragraph 17 of the Complaint.

18. Admit the allegations set forth in paragraph 18 of the Complaint, except as to the exact dates of Plaintiff Guerra's time working at Flor Azteca Deli & Grocery.

19. Deny the allegations set forth in paragraph 19 of the Complaint.

20. Deny the allegations set forth in paragraph 20 of the Complaint.

21. Deny the allegations set forth in paragraph 21 of the Complaint.

22. Deny the allegations set forth in paragraph 22 of the Complaint.

23. The allegations set forth in paragraph 23 of the Complaint constitute legal conclusions which require neither an admission nor a denial, but if a response is required, Defendants deny them.

24. The allegations set forth in paragraph 24 of the Complaint constitute legal conclusions which require neither an admission nor a denial, but if a response is required, Defendants deny them.

25. The allegations set forth in paragraph 25 of the Complaint constitute legal conclusions which require neither an admission nor a denial, but if a response is required, Defendants deny them.

26. Admit the allegations set forth in paragraph 26 of the Complaint.

27. Admit the allegations set forth in paragraph 27 of the Complaint.

28. Deny the allegations set forth in paragraph 28 of the Complaint, and further deny any assumptions underlying said allegations.

29. Admit the allegations set forth in paragraph 29 of the Complaint.

30. Deny the allegations set forth in paragraph 30 of the Complaint, and further

deny any assumptions underlying said allegations.

31.     The allegations set forth in paragraph 31 of the Complaint constitute legal conclusions which require neither an admission nor a denial, but if a response is required, Defendants deny them.

32.     The allegations set forth in paragraph 32 of the Complaint constitute legal conclusions which require neither an admission nor a denial.

33.     Deny the allegations set forth in paragraph 33 of the Complaint, and further deny any assumptions underlying said allegations.

34.     Deny the allegations set forth in paragraph 34 of the Complaint, and further deny any assumptions underlying said allegations, except admit that Sandra Gonzalez is the owner of Flor Azteca Deli.

35.     Deny the allegations set forth in paragraph 35 of the Complaint, and further deny any assumptions underlying said allegations.

36.     The allegations set forth in paragraph 36 of the Complaint constitute legal conclusions which require neither an admission nor a denial, but if a response is required, Defendants deny them.

37.     Deny the allegations set forth in paragraph 37 and further deny any assumptions underlying said allegations.

38.     The allegations set forth in paragraph 38 of the Complaint constitute legal conclusions which require neither an admission nor a denial, but if a response is required, Defendants deny them.

39.     Deny the allegations set forth in paragraph 39 of the Complaint, and further deny any assumptions underlying set allegations.

40. The allegations set forth in paragraph 40 of the Complaint constitute legal conclusions which require neither an admission nor a denial, but if a response is required, Defendants deny them and further deny any assumptions underlying said allegations.

41. The allegations set forth in paragraph 41 of the Complaint constitute legal conclusions which require neither an admission nor a denial, but if a response is required, Defendants deny them and further deny any assumptions underlying said allegations.

42. Deny the allegations set forth in paragraph 42 and further deny any assumptions underlying said allegations.

43. Deny the allegations set forth in paragraph 43 of the Complaint, but admit Plaintiff's performed labor at Defendants' restaurant.

### FIRST CAUSE OF ACTION AGAINST DEFENDANTS: FLSA MINIMUM WAGE

44. In response to the allegations set forth in paragraph 44 of the Complaint, Defendants repeat and reallege their responses to paragraphs 1 through 43 of the Complaint as if each were fully set forth herein.

45. The allegations set forth in paragraph 45 of the Complaint constitute legal conclusions which require neither an admission nor a denial.

46. The allegations set forth in paragraph 46 of the Complaint constitute legal conclusions which require neither an admission nor a denial.

47. The allegations set forth in paragraph 47 of the Complaint constitute legal conclusions which require neither an admission nor a denial.

48. The allegations set forth in paragraph 48 of the Complaint constitute legal conclusions which require neither an admission nor a denial.

49. The allegations set forth in paragraph 49 of the Complaint constitute legal

conclusions which require neither an admission nor a denial.

50. The allegations set forth in paragraph 50 of the Complaint constitute legal conclusions which require neither an admission nor a denial, but if a response is required, Defendants deny them.

51. Deny the allegations set forth in paragraph 51 of the Complaint, and further deny any assumptions underlying said allegations.

52. The allegations set forth in paragraph 52 of the Complaint constitute legal conclusions which require neither an admission nor a denial, but if a response is required, Defendants deny them and further deny any assumptions underlying said allegations.

## SECOND CAUSE OF ACTION AGAINST DEFENDANTS: FLSA OVERTIME COMPENSATION

53. In response to the allegations set forth in paragraph 53 of the Complaint, Defendants repeat and reallege their responses to paragraphs 1 through 52 of the Complaint as if each were fully set forth herein.

54. The allegations set forth in paragraph 54 of the Complaint constitute legal conclusions which require neither an admission nor a denial.

55. The allegations set forth in paragraph 55 of the Complaint constitute legal conclusions which require neither an admission nor a denial, but if a response is required, Defendants deny them.

56. The allegations set forth in paragraph 56 of the Complaint constitute legal conclusions which require neither an admission nor a denial.

57. The allegations set forth in paragraph 57 of the Complaint constitute legal conclusions which require neither an admission nor a denial.

58. The allegations set forth in paragraph 58 of the Complaint constitute legal

conclusions which require neither an admission nor a denial.

59. The allegations set forth in paragraph 59 of the Complaint constitute legal conclusions which require neither an admission nor a denial, but if a response is required, Defendants deny them.

60. Deny the allegations set forth in paragraph 60 of the Complaint, and further deny any assumptions underlying said allegations.

61. The allegations set forth in paragraph 61 of the Complaint constitute legal conclusions which require neither an admission nor a denial, but if a response is required, Defendants deny them and further deny any assumptions underlying said allegations.

## THIRD CAUSE OF ACTION AGAINST DEFENDANTS: NEW YORK MINIMUM WAGE

62. In response to the allegations set forth in paragraph 62 of the Complaint, Defendants repeat and reallege their responses to paragraphs 1 through 61 of the Complaint as if each were fully set forth herein.

63. The allegations set forth in paragraph 63 of the Complaint constitute legal conclusions which require neither an admission nor a denial.

64. The allegations set forth in paragraph 64 of the Complaint constitute legal conclusions which require neither an admission nor a denial.

65. The allegations set forth in paragraph 65 of the Complaint constitute legal conclusions which require neither an admission nor a denial.

66. The allegations set forth in paragraph 66 of the Complaint constitute legal conclusions which require neither an admission nor a denial.

67. The allegations set forth in paragraph 67 of the Complaint constitute legal conclusions which require neither an admission nor a denial.

68. The allegations set forth in paragraph 68 of the Complaint constitute legal conclusions which require neither an admission nor a denial.

69. The allegations set forth in paragraph 69 of the Complaint constitute legal conclusions which require neither an admission nor a denial.

70. The allegations set forth in paragraph 70 of the Complaint constitute legal conclusions which require neither an admission nor a denial.

71. The allegations set forth in paragraph 71 of the Complaint constitute legal conclusions which require neither an admission nor a denial.

72. The allegations set forth in paragraph 72 of the Complaint constitute legal conclusions which require neither an admission nor a denial but if a response is required, Defendants deny them and further deny any assumptions underlying said allegations.

73. Deny the allegations set forth in paragraph 73 of the Complaint, and further deny any assumptions underlying said allegations.

74. The allegations set forth in paragraph 74 of the Complaint constitute legal conclusions which require neither an admission nor a denial but if a response is required, Defendants deny them and further deny any assumptions underlying said allegations.

### FOURTH CAUSE OF ACTION AGAINST DEFENDANTS: NEW YORK OVERTIME COMPENSATION LAW

75. In response to the allegations set forth in paragraph 75 of the Complaint, Defendants repeat and reallege their responses to paragraphs 1 through 74 of the Complaint as if each were fully set forth herein.

76. The allegations set forth in paragraph 76 of the Complaint constitute legal conclusions which require neither an admission nor a denial.

77. The allegations set forth in paragraph 77 of the Complaint constitute legal

conclusions which require neither an admission nor a denial.

78. Deny the allegations set forth in paragraph 78 of the Complaint.

79. The allegations set forth in paragraph 79 of the Complaint constitute legal conclusions which require neither an admission nor a denial.

80. Deny the allegations set forth in paragraph 80 of the Complaint, and further deny any assumptions underlying said allegations.

81. The allegations set forth in paragraph 81 of the Complaint constitute legal conclusions which require neither an admission nor a denial, but if a response is required, Defendants deny them and further deny any assumptions underlying said allegations.

## FIFTH CAUSE OF ACTION:
## NEW YORK SPREAD OF HOURS LAW

82. In response to the allegations set forth in paragraph 82 of the Complaint, Defendants repeat and reallege their responses to paragraphs 1 through 81 of the Complaint as if each were fully set forth herein.

83. The allegations set forth in paragraph 83 of the Complaint constitute legal conclusions which require neither an admission nor a denial.

84. Deny the allegations set forth in paragraph 84 of the Complaint.

85. Deny the allegations set forth in paragraph 85 of the Complaint, and further deny any assumptions underlying said allegations.

86. The allegations set forth in paragraph 86 of the Complaint constitute legal conclusions which require neither an admission nor a denial, but if a response is required, Defendants deny them and further deny any assumptions underlying said allegations.

## SIXTH CAUSE OF ACTION
## NEW YORK § 195(1) WAGE NOTICE VIOLATION

87. In response to the allegations set forth in paragraph 87 of the Complaint, Defendants repeat and reallege their responses to paragraphs 1 through 86 of the Complaint as if each were fully set forth herein.

88. The allegations set forth in paragraph 88 of the Complaint constitute legal conclusions which require neither an admission nor a denial.

89. The allegations set forth in paragraph 89 of the Complaint constitute legal conclusions which require neither an admission nor a denial.

90. Admit the allegations set forth in paragraph 90 of the Complaint.

91. The allegations set forth in paragraph 91 of the Complaint constitute legal conclusions which require neither an admission nor a denial.

92. The allegations set forth in paragraph 92 of the Complaint constitute legal conclusions which require neither an admission nor a denial, but if a response is required, Defendants deny them.

93. The allegations set forth in paragraph 93 of the Complaint constitute legal conclusions which require neither an admission nor a denial.

## SEVENTH CAUSE OF ACTION
## NEW YORK § 195(3) WAGE STATEMENT VIOLATION

94. In response to the allegations set forth in paragraph 94 of the Complaint, Defendants repeat and reallege their responses to paragraphs 1 through 93 of the Complaint as if each were fully set forth herein.

95. The allegations set forth in paragraph 95 of the Complaint constitute legal conclusions which require neither an admission nor a denial.

96. The allegations set forth in paragraph 96 of the Complaint constitute legal conclusions which require neither an admission nor a denial.

97. Admit the allegations set forth in paragraph 97 of the Complaint.

98. The allegations set forth in paragraph 98 of the Complaint constitute legal conclusions which require neither an admission nor a denial.

99. Deny the allegations set forth in paragraph 99 of the Complaint, and further deny any assumptions underlying said allegations.

100. The allegations set forth in paragraph 100 of the Complaint constitute legal conclusions which require neither an admission nor a denial.

101. The allegations set forth in paragraph 101 of the Complaint constitute legal conclusions which require neither an admission nor a denial.

### EIGHTH CAUSE OF ACTION AGAINST DEFENDANTS: NEW YORK FAILURE TO PAY WAGES

102. In response to the allegations set forth in paragraph 102 of the Complaint, Defendants repeat and reallege their responses to paragraphs 1 through 101 of the Complaint as if each were fully set forth herein.

103. The allegations set forth in paragraph 103 of the Complaint constitute legal conclusions which require neither an admission nor a denial.

104. The allegations set forth in paragraph 104 of the Complaint constitute legal conclusions which require neither an admission nor a denial.

105. The allegations set forth in paragraph 105 of the Complaint constitute legal conclusions which require neither an admission nor a denial, but if a response is required, Defendants deny them.

106. The allegations set forth in paragraph 106 of the Complaint constitute legal conclusions which require neither an admission nor a denial, but if a response is required, Defendants deny them.

107. The allegations set forth in paragraph 107 of the Complaint constitute legal conclusions which require neither an admission nor a denial, but if a response is required, Defendants deny them.

108. The allegations set forth in paragraph 108 of the Complaint constitute legal conclusions which require neither an admission nor a denial, but if a response is required, Defendants deny them.

109. The allegations set forth in paragraph 109 of the Complaint constitute legal conclusions which require neither an admission nor a denial, but if a response is required, Defendants deny them.

110. Deny the allegations set forth in paragraph 110 of the Complaint, and further deny any assumptions underlying said allegations.

111. The allegations set forth in paragraph 111 of the Complaint constitute legal conclusions which require neither an admission nor a denial, but if a response is required Defendants deny them.

112. Deny the allegations set forth in paragraph 112 of the Complaint, and further deny any assumptions underlying said allegations.

## PRAYER FOR RELIEF

Deny that Plaintiffs are entitled to any relief described in the "WHEREFORE" clause of the Complaint, including sub-paragraphs 1 through 9 thereof.

Deny each and every allegation in the Complaint not expressly limited to herein.

## AFFIRMATIVE DEFENSES

Defendants assert the following defenses and affirmative defenses, as the latter are

defined in Rule 8(c) of the Federal Rules of Civil Procedure, without assuming any burden of proof that otherwise does not exist as a matter of law.

## FIRST DEFENSE

1. The Complaint, in whole or in part, fails to state a claim upon which relief can be granted.

## SECOND DEFENSE

2. Defendants, Sandra Gonzalez and Juan Tendia are not proper defendants in this action as they were not Plaintiffs' "employer" within the scope of the Fair Labor Standards Act or the New York State Labor Law.

## THIRD DEFENSE

3. To the extent that the period of time alluded to in the Complaint, or the period of time alleged later in his action, predates the limitations period set forth in Section 6(a) of the Portal-to-Portal Act, 29 U.S.C. § 255(a), and/or any other applicable statutes of limitation, such claims are barred.

## FOURTH DEFENSE

4. Defendants, at all times, acted in good faith to comply with the FLSA and the New York State Labor Law, and with reasonable grounds to believe that their actions did not violate the statutes cited in the Complaint, and so, Defendants assert good faith as a defense to any claim by Plaintiffs for liquidated damages.

## FIFTH DEFENSE

5. Defendants, at all times, acted with a lack of willfulness or intent to violate the FLSA or any other statutes cited in the Complaint, and so, Plaintiffs cannot establish a willful violation.

**SIXTH DEFENSE**

6. Plaintiffs' claims are barred, in whole or in part, because any acts or omissions giving rise to this action were done in good faith, and with reasonable grounds for believing that the actions or omissions were not a violation of the FLSA or the New York State Labor Law.

**SEVENTH DEFENSE**

7. Plaintiffs' claims are barred, in whole or in part, because actions taken in connection with Plaintiffs' compensation were done in good faith, in conformity with and reliance upon written administrative regulations, orders, rulings, approvals, interpretations, and written and unwritten administrative practices or enforcement policies of the Administrator of the Wage and Hour Division of the United States Department of Labor.

**EIGHTH DEFENSE**

8. Plaintiffs' claims are barred to the extent that Plaintiffs failed, refused, and/or neglected to mitigate or avoid the damages complained of in the Complaint, if any.

**NINTH DEFENSE**

9. If Plaintiffs succeed in establishing any violation under the FLSA or the New York State Labor Law, and to the extent any sums are found due and owing to Plaintiffs, Defendants are entitled to a set-off against said sum to the extent paid, tendered, waived, compromised, and/or released prior to the adjudication herein, including but not limited to those amounts paid, tendered, waived, compromised, and/or released through any other proceeding, either formal or informal, or to the extent any additional compensation was paid to Plaintiff over and above his wages.

**TENTH DEFENSE**

10. Any claim for additional compensation by Plaintiffs must be reduced by

compensation already paid to Plaintiffs for periods not compensable under the Fair Labor Standards Act and New York State Labor Law.

### ELEVENTH DEFENSE

11. Plaintiffs' claims are barred by equitable defenses including unclean hands, *in pari delicto* and/or laches.

### TWELFTH DEFENSE

12. Neither liquidated damages nor attorneys' fees may be awarded under New York State Labor Law § 198 on a claim for spread of hours pay because spread of hours pay is neither a wage nor a wage supplement.

### THIRTEENTH DEFENSE

13. Plaintiffs' claim pertaining to alleged off-the-clock work for non-overtime hours fails in any workweek in which Plaintiffs' total compensation for the week exceeds minimum wage for all non-overtime hours worked that week.

### FOURTEENTH DEFENSE

14. The Complaint fails to state a claim upon which prejudgment interest may be granted.

### FIFTEENTH DEFENSE

15. In addition to the foregoing defenses, Defendants reserve the right to amend their Answer to the Complaint to raise up any and all additional affirmative and other defenses that may become evident during discovery and during any other proceeding in this action or pursue any available counterclaims against Plaintiffs.

WHEREFORE, Defendants request judgment against Plaintiffs with respect to his claims asserted herein, dismissing the Complaint in this action, and entering judgment in favor of

Defendants, together with costs and disbursements of the above-entitled action and any other relief this Court may deem just and proper.

Dated: April 10, 2019
      New York, New York

By: /s/ John J. Thompson
John J. Thompson, Esq.
**Jones Law Firm, P.C.**
450 Seventh Avenue, Suite 1408
New York, NY 10123
212-258-0685
john.t@joneslawnyc.com
*Counsel for Defendants*

By: /s/ Bryce Jones
T. Bryce Jones, Esq.
**Jones Law Firm, P.C.**
450 Seventh Avenue, Suite 1408
New York, NY 10123
212-258-0685
bryce@joneslawnyc.com
*Counsel for Defendants*