UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
RUDY FLORENCIO and OSCAR GUERRA,

                Plaintiffs,                  MEMORANDUM AND ORDER
                                                      18-CV-6619 (ILG) (JO)

   v.

FLOR AZTECA DELI & GROCERY INC. and/or any
other entities affiliated with or controlled by FLOR
AZTECA DELI & GROCERY INC., and SANDRA
GONZALEZ and JUAN TENDIA, individually,

                Defendants.
-------------------------------------------------------------------x
GLASSER, Senior United States District Judge:

       Plaintiffs Rudy Florencio and Oscar Guerra brought this action pursuant to the Fair Labor Standards Act ("**FLSA**"), 29 U.S.C. § 201, *et seq.* and the New York Labor Law and the rules and regulations promulgated thereunder. (ECF No. 1). On May 10, 2019, Defendants served Plaintiffs an offer of judgment pursuant to Federal Rule of Civil Procedure 68 (the "**Offer of Judgment**") in the amount of $150,000, "representing full payment for all of the Plaintiffs' claims … , inclusive of all reasonable costs and fees (such as attorneys' fees) incurred up to the date of this offer of judgment." (ECF No. 25-1 ¶ 2; ECF No. 25-2). On June 4, 2019, Plaintiffs accepted the Offer of Judgment by e-mail to Defendants' attorney of record. (ECF No. 25-1 ¶ 4). On June 5, 2019, they served upon Defendants a notice of acceptance of the offer (the "**Notice of Acceptance**"). (ECF No. 24). The Notice of Acceptance, proof of service, and Offer of Judgment have all been filed with this Court. (ECF Nos. 23, 24, 25-2). Plaintiffs now move for an order entering judgment pursuant to Rule 68. (ECF No. 25).

       Rule 68 provides, in relevant part:

> **(a) Making an Offer; Judgment on an Accepted Offer.** At least 14 days before the date set for trial, a party defending against a claim may serve on

> an opposing party an offer to allow judgment on specified terms, with the costs then accrued. If, within 14 days after being served, the opposing party serves written notice accepting the offer, either party may then file the offer and notice of acceptance, plus proof of service. The clerk must then enter judgment.
>
> **(b) Unaccepted Offer.** An unaccepted offer is considered withdrawn, but it does not preclude a later offer. ….

If notice of acceptance is not served within the 14-day period prescribed in subsection (a), the offer is considered "unaccepted" and, hence, "withdrawn" within the meaning of subsection (b). *See Campbell-Ewald Co. v. Gomez*, 136 S.Ct. 663, 671 (2016) ("An offer of judgment the Rule provides, 'is considered withdrawn' if not accepted within 14 days of its service"). Here, the Notice of Acceptance was served more than 14 days after the Offer of Judgment was served. Nevertheless, Rule 68(a)'s 14-day deadline, being non-jurisdictional, may be waived. *See Owen Equipment & Erection Co. v. Kroger*, 437 U.S. 365, 370 ("[I]t is axiomatic that the Federal Rules of Civil Procedure do not create or withdraw federal jurisdiction"); *Gunter v. Bemis Company, Inc.*, 906 F.3d 484, 492 (6th Cir. 2018) ("Deadlines found only in the Federal Rules … amount to claim-processing rules—mandatory all the same but forfeitable and waivable by the parties. … If the parties properly invoke them, we will enforce them") (internal citations omitted). Here, Defendants consented to Plaintiffs' requested extensions of time prior to the expiration of the 14-day period and continued to "consent[] to any further extensions needed by Plaintiffs." (ECF No. 251- ¶ 3). Indeed, the parties jointly moved on May 28, 2019 (after the 14-day period had expired, but before a settlement was reached) for a *sixty* day extension of the Court's discovery deadline so that the parties could continue to "engage in settlement negotiations." (ECF No. 22). No objection to Plaintiffs' motion for entry of judgment has been lodged, on timeliness grounds or otherwise. Defendants have made known their desire to waive the Rule's 14-day acceptance period.

Additionally, the Court notes that it is an open question in this Circuit whether approval of an FLSA settlement is required under *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015), when the settlement is made pursuant to Rule 68. *See Mei Xing Yu v. Hasaki Restaurant, Inc.*, 319 F.R.D. 111, 111-112 (S.D.N.Y. 2017) (the "question … whether parties may make an end run around the judicial oversight required by *Cheeks* by settling FLSA claims pursuant to Rule 68 of the Federal Rules of Civil Procedure" "has divided district courts in this Circuit"), *appeal filed*, No. 17-3388 (2d Cir.), *petition for interlocutory appeal granted,* 874 F.3d 94, 98 (2d Cir. 2017) ("The issue of whether Rule 68 settlements in FLSA cases require District Court review and approval" presents "substantial ground for difference of opinion") (citations and internal quotation marks omitted).

The Court is persuaded that such approval is not required for Rule 68 settlements. *See Barnhill v. Fred Stark Estates*, No. 15-CV-3360 (BMC), 2015 WL 5680145 (E.D.N.Y. Sept. 24, 2015). As Judge Cogan observed in *Barnhill*, Rule 68 is unqualifiedly mandatory—judgment "must" be entered upon satisfaction of the conditions in Rule 68(a)—while Rule 41 is limited by "any applicable federal statute." *Id.* at *1. "Nor can we operate on a presumption that the plaintiff's bar in FLSA cases is out to enrich itself through unreasonable fees at the expense of their clients …. The fact is that most of the litigation to protect the vulnerable under remedial legislation is attorney-driven as a result of fee-shifting provisions, but it does not follow that there is a pervasive problem of attorneys favoring themselves at their clients' expense that is peculiar to the FLSA and that requires the courts to police every Rule 68 offer in FLSA cases for abuse." *Id.* at *2.

For these reasons, the Court finds that entry of judgment as requested by Plaintiffs is warranted. The Clerk of Court is therefore directed to enter judgment in favor of Plaintiffs in the amount of $150,000.00.

SO ORDERED.

Dated:        Brooklyn, New York
               June 6, 2019

/s_____
I. Leo Glasser                         U.S.D.J.